<em>Judgment affirmed.</em>

## SOULE v. LUDLOW.

*Foreclosure by advertisement — will be set aside for fraud — failure to give notice — junior mortgagee — mortgagee's collateral security.*

Equity will relieve against and set aside foreclosure proceedings by advertise-ment, whenever by any fraud, mistake, deceit or unfair contrivance or prac-tice, or bad faith in conducting them, the rights of the mortgagor or of subsequent incumbrancers have been injuriously affected upon the same grounds that would authorize a foreclosure by action to be opened.

Plaintiff held a mortgage which had been assigned to him by G., the mort-gagee. The mortgage was on record, but the assignment was not. The holder of a prior mortgage foreclosed the same by advertisement, serving notice upon G. but not on the plaintiff, though he knew of the assignment to plaintiff from G. *Held,* that the omission to serve was a practical fraud on plaintiff which would equitably entitle him to come in and redeem. The service on G. was not a compliance with the spirit of the statute. The recording acts were not designed to facilitate or cover frauds but only to protect *bona fide* mortgagees and grantees for value.

The junior mortgage was collateral to another security. *Held,* that the holder would be compelled to first exhaust the principal security before he could claim any equitable relief under the mortgage.

APPEAL by defendants from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Lyman· Soule against John S. Edwards, Jr., and wife, William D. Ludlow and Sarah Ludlow his wife, Albert H. Goss and Austin Sherman, to set aside the sale of lands in Wilna, Jefferson county, under the foreclosure of a mortgage, plaintiff asking the relief sought as a junior mortgagee. The facts were these. Previous to October, 1865, Charles N. Tuttle, who kepъ a drug store in Auburn, and was indebted to one Kennedy, sold and transferred the drug store to defendant Goss. Kennedy brought action against Goss for the amount due from Tuttle and recovered a judgment therefor. An appeal was taken and the judgment was, in 1869, affirmed by the Court of Appeals. Pending the appeal, for the purpose of indemnifying Goss, Tuttle and wife, and the defendant Sherman, united in a bond for $8,000, conditioned to save Goss harmless from the Kennedy judgment. For the saɯ.ɔ purpose in 1869, after the affirmance by the Court of Appeals ᴛhe defendant Edwards who held the nominal title to lots 818, 819 and 820, in great lot 4 of Macomb's purchase, executed to defendant Goss, a mortgage for $5,000, payable three years from date. At that time Edwards held the lots mentioned in some way in equitable trust for defendant Sherman and his wife. About the same time, and for the same purpose, Tuttle executed to Goss a mortgage upon real property in Auburn for $5,250. The amount found due on the judgment mentioned against Goss was $5,279.20.

In May, 1869, both the mortgages mentioned were assigned to plaintiff.

In October, 1865, said Edwards and wife executed to Albert H. Goss a mortgage for $5,000 upon lots 819 and 820 above mentioned. This mortgage was duly recorded and was afterward assigned by Goss to the Auburn Theological Seminary. In 1871 defendant, William D. Ludlow, the husband of Sarah Ludlow, who was an adopted daughter of defendant Sherman, obtained the assignment to him of the mortage owned by the Auburn Theological Seminary. This mortgage Ludlow foreclosed by advertisement, and his wife, Sarah Ludlow, became the purchaser of the premises for $4,710.90, about $1,000 less than the amount due on the mortgage.

The mortgage given to Goss, in 1869, was at the time of this foreclosure on record, but the assignment from Goss to plaintiff was not recorded. Ludlow, however, knew of its existence. No notice

of the foreclosure proceedings was served on plaintiff, and the only service on Goss was by mail, and Goss never received that notice. The foreclosure proceedings were in all other respects regular. The mortgaged property was worth $10,000.

This action was brought to vacate the sale mentioned. Such other facts as are material appear in the opinion.

*Starbuck & Sawyer,* for appellants.

*Cox & Avery,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and DWIGHT, JJ.

E. DARWIN SMITH, J. Upon the facts found by the referee, the plaintiff as the assignee of a junior mortgage is clearly entitled to relief in equity in respect to the foreclosure of the mortgage executed by Edwards, and assigned to the defendant Ludlow by the Auburn Theological Seminary, and by him foreclosed as stated in the pleadings and case.

The decision of the referee that the plaintiff was entitled to redeem said premises is, I think, correct and in accordance with equitable principles. The courts of equity regard a mortgagee in the execution by advertisement of the power of sale contained in his mortgage as a trustee executing a power in trust, and bound to conduct the proceedings relating to the foreclosure and sale of the mortgaged premises in a fair and just manner and in good faith. *Jencks* v. *Alexander,* 11 Paige, 624; *Ellsworth* v. *Lockwood,* 42 N. Y. 89.

Relief will be given by suit to set aside foreclosure proceedings by advertisement whenever by any fraud, mistake, deceit or any unfair contrivance, or practice, or bad faith in conducting the proceedings of the foreclosure or sale the rights of the mortgagor, or of subsequent incumbrancers, have been injuriously affected, upon pretty much the same grounds as the court would recognize as sufficient for opening the sale if the foreclosure had been by action.

Upon the facts disclosed in the evidence in the case, the plaintiff was entitled in equity, I think, as the referee has substantially found, to the right to redeem or open the sale to the same effect as if the foreclosure had been by action, and he had not been made a party to the suit. It is true that the assignment of the mortgage

to him by Goss was not recorded, and perhaps in strictness at law, it was sufficient to serve notice upon Goss, the assignor, but it is quite apparent that such service in this case, with the omission to serve any notice upon the plaintiff, was a practical fraud upon him. Goss had no interest to protect in respect to such foreclosure, and if he received said notice, which he denied on the trial, he probably paid, or would be likely to pay, no attention to it, presuming that a like notice would also be served upon the plaintiff. The defendant Ludlow, who instituted and conducted said foreclosure proceedings, as the referee finds, well knew that the plaintiff was the assignee and owner of said mortgage, for he had paid to him or to his attorney several installments of interest thereon, and knew that Goss had no interest in said foreclosure.

It is true that Ludlow complied in form with the provisions of the statute in serving as he testified he did the notice of sale upon Goss, the mortgagee, the plaintiff's assignment from Goss not being on record, but that was a mere compliance with the letter and not with the spirit of the statute.

The registry acts were not designed to facilitate or cover frauds, but to protect grantees or mortgagees of real estate, who were subsequent purchasers in good faith and for a valuable consideration of the same real estate. The defendant Ludlow is not within the equity of the statute. He was bound in good faith to have served notice of the foreclosure upon the plaintiff, and his omission to do so, under the circumstances of this case, as held by the referee, was a sufficient ground in equity to allow the plaintiff to come in and redeem said mortgaged premises from a sale thus inequitably had, procured and conducted.

So far, therefore, as the decision of the referee asserts and allows the right of the plaintiff to redeem said premises and to set aside said foreclosure and sale, it is right and should be affirmed. But as the application of the plaintiff is to the equitable power of the court, and relief can only be given upon equitable grounds, it is the right of the defendants also to have equity done them in the disposition of the cause. It is quite clear from the facts found by the referee, and the evidence in the cause, that the plaintiff's mortgage was in fact nothing more than collateral to a mortgage given to Goss by Tuttle and his wife, who were the principal debtors, and was given further to indemnify said Goss against his liability in the suit by Kennedy against said Goss, then pending, to enforce

a debt or liability of said Tuttle as against said Goss. The mortgage which Tuttle gave to Goss for his indemnity against said suit was the primary fund for the payment of the amount of such recovery, and the defendants have a clear right to have the security given by the principal debtors exhausted before resort is had to the mortgaged property held by them.

The plaintiff testified on the trial that he held a bond and mortgage assigned to him by said Goss, made by Harriet F. Tuttle to Goss, January 18, 1869, for $5,250, and that this mortgage was assigned to him at the same time when said Goss assigned the Edwards mortgage, and that the property covered by said mortgage he ascertained at the time to have been worth $8,000 or $10,000.

It appears by exhibit No. 2 in the cases, being an agreement signed by C. N. Tuttle and H. F. Tuttle, by C. N. Tuttle, attorney, and by A. Sherman, that the said mortgage of Edwards to Goss was given for the sole benefit of said H. F. and C. N. Tuttle, and was to be paid by one of said parties without any claim or demand upon said Sherman. It is clearly equitable, therefore, that the plaintiff should first exhaust the security he holds from the principal debtors before the court, for his benefit, should set aside or open the sale upon the foreclosure of the Edwards mortgage, or that he transfer such security to the defendants in case they elect to discharge the amount of his claim under said mortgage upon the premises covered thereby. The referee declined to pass upon these equities, because said Tuttle and his wife were not parties to the action, and said bond and mortgage given by them to said Goss was not given in evidence. But the facts above stated appear in evidence, and I presume cannot be changed or disputed.

In this view I think the judgment may be modified and made interlocutory, affirming the views of the referee in respect to the plaintiff's right to redeem said mortgage, and charge said mortgaged premises in the defendant's hands with whatever sum shall remain or be justly chargeable thereon to satisfy the plaintiff's claim upon the said mortgage so held as collateral to Tuttle's mortgage to said Goss, and as an indemnity against the said Kennedy suit and judgment, after the plaintiff shall have exhausted his security upon the said Tuttle mortgage, or accounted for the value thereof, and that it be referred back to the same referee or to a new referee, to take proof in respect to the said Tuttle bond and mortgage, and to ascertain the value thereof over and above all liens,

claims or incumbrances on said property, either upon a foreclosure of the same, suspending said reference for that purpose, or by proof of its value, and to report what amount the plaintiff is entitled to receive from the Edwards mortgage in discharge of his debt upon the principles herein stated — treating said Tuttles as the principal debtors and bound to pay said debt before resort is had to the said Edwards mortgage, and that the said referee report to the court at special term, and that all other questions and equities, including the question of costs, be reserved till the coming in and confirmation of such report.

*Ordered accordingly.*